GEORGE H. CUNNINGHAM v. VILLAGE OF WILLOW RIVER.[1]

May 12, 1897.

Nos. 10,471—(97).

**Deed—Reference to Plat—Insufficient Description.**

> A town plat construed with reference to the description of a certain lot, and *held*, either that the description was so incomplete as to be void, or, if sufficient, that it did not include the premises in controversy.

Action in the district court for Pine county, for restitution of that part of a certain lot occupied by the town hall and jail of defendant. In its answer defendant alleged entry and possession of the land under license from the owner. When plaintiff rested, the case was dismissed upon motion of the defendant. From an order granting a new trial, Williston, J., defendant appealed. Reversed.

*S. G. L. Roberts* and *Clapp & Macartney*, for appellant.

Conceding the plat to be defective, the plaintiff asserts title solely as the lot appears on the plat, and at the trial introduced the original plat in evidence. Under such circumstances the plat, though defective, must speak for itself, and its construction is a question for the court. Village v. Great Northern, 46 Minn. 505. See, also, Austrian v. Davidson, 21 Minn. 117; Collins v. Dresslar, 133 Ind. 290; Reed v. Lammel, 28 Minn. 306.

*Robert C. Saunders*, for respondent.

The objection that the description is void for uncertainty is untenable. Elliot v. Small, 35 Minn. 396. If there was any doubt as to the boundaries of the lot, the question was one for the jury, and not for the court. A man may plat as he will, and the plat is conclusive evidence of his intention as to the size and area of the various lots and blocks. Middleton v. Wharton, 41 Minn. 266. The plat being a valid statutory plat, the lines appearing thereon as bounding lots must prevail over figures, courses and distances. Nicolin v. Schneiderhan, 37 Minn. 63; Coles v. Yorks, 36 Minn. 388; Great Northern v. City, 61 Minn. 1; Sands v. Gambs, 106 Mich. 362. The position of the figures 15 has no significance as to the size of the lot. Middle-

[1] Reported in 71 N. W. 532.

ton v. Wharton, supra. See, also, Gilbert v. Emerson, 60 Minn. 62; Austrian v. Davidson, 21 Minn. 117.

MITCHELL, J. The plaintiff claims title to the premises in controversy as a part of lot 15, block 1, in the village of Willow River, under a deed from the original proprietors, in which the granted premises are described as

"all of lot number fifteen (15), block number one (1), not given to the town of Kettle River for road purposes, all in the village of Willow River, according to the plat thereof on file and of record in the office of the register of deeds in and for said county of Pine, state of Minnesota."

Waiving the question of the sufficiency of this description without evidence showing what part of the lot had been "given to the town of Kettle River for road purposes," the only other question in the case is, what constitutes lot 15, block 1, on the plat referred to? All that the court below had before it from which to determine that question was what appeared on the plat itself.

Conceding that the same rules would apply as in the case of a written contract between two parties in the admission of parol evidence of the situation, nature, and qualities of the subject-matter and other surrounding circumstances to aid in the construction of the plat and in ascertaining the signification which ought to be given to anything on its face which is ambiguous or susceptible of more than one interpretation, yet the rule remains that the legal construction of the plat cannot be enlarged or varied by parol evidence of the intention of those who made it. The plat itself furnishes the exclusive rule for its own construction for all time unless reformed by judicial decree. It is immaterial whether it was executed in accordance with the statute or not. It has, by reference, been made a part of the deed under which the plaintiff claims; and it can no more be enlarged or varied by parol than the deed itself.

The contention of the plaintiff is that the plat shows that Willow river and the westerly line of the railroad right of way were intended to be the boundaries of lot 15, and therefore that it includes all the land between these lines and up to the point where the river intersects the westerly line of the railroad right of way. The contention of the defendant is that the plat shows either—First, that the north-

erly boundary of lot 15 was intended to be a line starting at the point where the westerly line of Willow street intersects the westerly line of the railroad right of way, and running thence westerly and parallel with the line between lots 14 and 15 to Willow river; or, second, that the plat wholly fails to indicate the northerly boundary of lot

THAT PART OF THE PLAT RELATING TO LOT 15, BLOCK 1.

15, and hence that the description on the plat and in the deed under which plaintiff claims is void for uncertainty. The plat is a peculiar one. Probably no case like the present has ever arisen in the past, or will ever arise again in the future. With absolutely nothing to guide us except the plat itself, the question to be determined is a novel one.

Nothing will fully illustrate or explain the situation except an examination of the plat itself. Within its limits is included an entire quarter section of land, then owned by the parties who executed the plat; but only about a third of this land, under any view of the case, was platted at all. But certain landmarks and objects already existing on the face of the earth were indicated on the plat throughout the whole extent of the quarter section. Among these were the railroad track and right of way, Willow river, the spur track to the mill, the mill pond, etc. These are indicated in the unplatted as well as the platted portions of the quarter section; thus showing, as it seems to us, that they were marked on the plat, not as the boundary lines of platted lots or blocks, except where the intention to make them such is indicated by other lines, but merely to show the location of pre-existing objects or landmarks on the land independently of the platting. In other portions of the plat, wherever either Willow river or the railroad right of way is made the boundary of a platted lot, the intention to make it such is indicated by lot lines so run as to intersect it; the length of such lines being stated on the plat. The platted lots, although not of uniform size, are of an ordinary size for village lots, averaging about 150x75 feet, with the number placed near the center.

When we come to the lot in question, we find only two of its lines indicated, the line between it and lot 14, and the line between it and Willow street, unless, of course, we are to assume that the plat shows that it was intended that the river and the railroad right of way should constitute the remaining lines of the lot. If this be assumed, then lot 15 would be a long, irregular shaped tract of land containing over two acres, about 1,000 feet in length, and varying in width from 150 to 30 feet, and projecting out into the unplatted portion of the quarter section a distance of from 800 to 900 feet, a result inherently unreasonable and improbable, and wholly at variance with the general design and arrangement of the rest of the lots and blocks on the plat.

Other facts and circumstances appearing on the face of the plat might be referred to. We are unable to discover anything on the plat that would justify the inference that the river and the railroad right of way were intended by the makers of the plat to constitute boundaries of lot 15, so as to include all the land between them up to the point where they intersect.

In our judgment, the only inference to be drawn from the plat is that the makers indicated only two lines of that lot, and that they either failed to indicate where the other lines were intended to be, or else that, in accordance with the plan of the other lots in block 1, they intended that the northerly boundary of lot 15 should consist of a line drawn from the point where the line marked on the westerly line of Willow street intersects the railroad right of way, and running thence westerly and parallel with the line between lots 14 and 15 until it intersected the river. As at present advised, we incline to the latter view as being in accord with the apparent intention of the makers of the plat; but either view would be fatal to plaintiff's case. If the first view be adopted, the description of lot 15 on the plat would be so incomplete as to be utterly void; while, if the second view be adopted, then the land in controversy is no part of lot 15, being entirely to the north of it. The result is that the trial court was right in the first instance in dismissing the action, and erred in subsequently granting a new trial.

Order reversed.

CANTY, J. I dissent. Block 1 is a long, narrow row or tier of lots, numbered consecutively from 1 to 15. Lot 15 appears to be bounded by lot 14, the street, the river, and the railroad right of way. The lot, it is true, is long and narrow; but the owner had a right to make it so if he saw fit. He not only made it so when he made the plat, but he reaffirmed his act of making it so when he conveyed the lot according to the plat. The deed should be construed most strongly against the grantor and in favor of the grantee, and be given effect, if it can be done by any reasonable construction. It should not be construed to be a nullity for slight or fanciful reasons. Every boundary of the lot is a proper and reasonable boundary. This court has no right to disregard the boundaries which the maker drew,

or to draw other boundaries which he neither drew nor described. The shape of the lot, and the fact that it contains more land than the other lots in the block, is not a sufficient reason for declaring the deed void on its face. If the defendant had sought a reformation of the deed and plat, some circumstances appearing on the face of the plat would, with other competent evidence, tend to prove that there was a mistake in the plat as to the size and shape which it was intended that lot 15 should have. But, as no reformation is sought, these circumstances amount to nothing for the purposes of this case.